UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| HARVEY ALVARADO, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00158-SEB-DML |
| | ) | |
| GAYLOR INC. EMPLOYEE TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter comes before us on Defendant Gaylor Inc. Employee Trust's (the "Trust") Motion to Dismiss [Dkt. No. 20]. The motion is fully briefed. For the reasons set forth herein, we GRANT IN PART and DENY IN PART Defendant's Motion.

**Facts**

Our recitation of facts below is based on the Amended Complaint which is consistent with the proper procedure as set out in the Federal Rules of Civil Procedure. Plaintiffs' response to Defendant's Motion to Dismiss, Docket Number 24, relies on facts not contained in the Amended Complaint, including, for example, three affidavits and certified payroll records. Absent the applicability of one of a few narrow exceptions, when adjudicating a motion to dismiss our review is limited to the allegations contained in Plaintiffs' Amended Complaint. *Rosenblum v. Travelbyus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Accordingly, Plaintiffs cannot defeat Defendants' Motion by relying on factual statements not included in the Amended Complaint.

Plaintiffs' claims against the Trust are based on purported violations of 29 U.S.C. § 1001, *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), and Kentucky Revised Statutes § 337.505,[1] and Plaintiffs have invoked our federal question jurisdiction, 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA jurisdictional statute) as well as supplemental jurisdiction, 28 U.S.C. § 1367.

Plaintiffs were employed by Gaylor, Inc. ("Gaylor"), an electrical contractor. From 2009 through 2011, Plaintiffs performed work on several Kentucky projects regulated by the Kentucky "prevailing wage" laws (which have since been repealed). According to Plaintiffs, they were paid a "prevailing wage" for their work on these Kentucky projects, which included a basic hourly rate and an additional amount as a fringe benefit, determined on an hourly rate set by the Commissioner for the Commonwealth of Kentucky. Pursuant to Kentucky law, an employer's contribution for fringe benefits could either be made to a trust, paid in cash to the employee, or some combination thereof. K.R.S. § 337.505 (repealed January 8, 2017).

In 2009, 2010, and 2011, the Trust received fringe benefit contributions from Gaylor and administered those contributions. [Amended Complaint ("Am. Compl.") ¶¶ 20, 22.] No part of the fringe benefit contributions was paid to Plaintiffs in cash, but instead were all placed into the Trust. [*Id.* ¶ 23.] It is Plaintiffs' claim that "the contributions received by the [Trust] from Gaylor were not fully and properly disbursed for qualified fringe benefits for Plaintiffs", in violation of the Trust's fiduciary duties

---

[1] The Kentucky prevailing wage law was repealed by the Kentucky legislature on January 9, 2017.

under ERISA, 29 U.S.C. § 1104, and KRS § 337.505, and those violations damaged Plaintiffs." [*Id.* ¶¶ 24-27; Dkt. No. 24 (explaining that when the Trust failed to use all of Gaylor's contributions to provide fringe benefits for Plaintiffs, it was required to pay out the unused portions to Plaintiffs in cash, which it did not do).] Plaintiffs also contend that the Trust violated ERISA, 29 U.S.C. § 1132(c), by refusing to supply information requested by Plaintiffs related to fringe benefit contributions. It is unclear from the Amended Complaint the date on which Plaintiffs requested said information from the Trust or what specific information they sought.

Plaintiffs' claims are limited to contributions made "prior to January 2011." [Am. Comp. ¶ 32 ("[P]rior to January, 2011, Defendant [Trust] did not properly use the fringe benefit contributions paid by Gaylor to provide qualified benefits to Plaintiffs.").] It is unclear from the Amended Complaint when Plaintiffs became aware of the Trust's alleged failure to properly use the fringe benefit contributions; however, Plaintiffs explain in their response to Defendant's Motion to Dismiss that they first were suspicious of a problem in January, 2011 [Dkt. No. 24 at 2].

Plaintiffs have brought three claims against the Trust: ERISA – Breach of Fiduciary Duties; ERISA – Refusal To Supply Requested Information; and Violations of Kentucky Revised Statute § 337.505. In Count I, Plaintiffs contend that the Trust "breached its fiduciary duties under 29 U.S.C. § 1104 by not properly using fringe benefit contributions to provide qualified fringe benefits for Plaintiffs in accordance with the Kentucky prevailing wage laws." [Am. Compl. ¶ 39.] Count II of their Amended Complaint alleges that the Trust "violated 29 U.S.C. § 1132(c) by refusing to supply

3

requested information about the fringe benefit contributions." [*Id.* ¶ 42.] Plaintiffs also assert a claim based on state law in Count III alleging that the Trust "failed to expend the full fringe benefit contributions it received from Gaylor to provide qualified fringe benefits to Plaintiffs," in violation of Kentucky Revised Statute § 337.505.

The Trust seeks to dismiss this case in its entirety because no ERISA claims have been asserted; Plaintiffs' claims, according to Defendant, are rooted in a violation of Kentucky prevailing wage laws and *not* ERISA; therefore, this court lacks jurisdiction. Further, the Trust argues that Plaintiffs' second claim (breach of failure to disclose information) is barred by the statute of limitations. Without federal causes of action, the Trust contends that we lack supplemental jurisdiction over Plaintiffs' state law claims. The Trust also contends that Count III, based on a violation of Kentucky statutory law, fails to state a claim upon which relief can be granted.

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule

4

8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (A statement of the claim must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994) ("At [the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003); *Szumny v. Am. Gen. Fin.,* 246 F.3d 1065, 1067 (7th Cir. 2001).

## Discussion

**1.     Count I**

Count I of the Amended Complaint consists of a single, substantive paragraph, as follows:

> 39.     The Gaylor Trust breached its fiduciary duties under 29 U.S.C. § 1104 by not properly using the fringe benefit contributions to provide qualified fringe benefits for Plaintiffs in accordance with the Kentucky prevailing wage laws.

The Trust contends that Count I of the Amended Complaint must be dismissed because Plaintiffs' claim is an attempt to enforce the Kentucky prevailing wage laws under the guise of ERISA.

The purpose of ERISA, generally, is to protect the interests of the participants of employee benefit plans through required reporting and establishing standards of conduct and obligations for fiduciaries of ERISA plans and providing mechanisms to obtain relief for violations of ERISA duties and obligations. *See* 37 U.S.C. § 1001. In furthering that purpose in a uniform way, ERISA preempts state laws "to the extent that those laws 'relate to any employee benefit plan.'" *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 968 (7th Cir. 2000) (quoting *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 363 (1999) (quoting 29 U.S.C. § 1144(a)). Therefore, argues the Trust, if Kentucky's prevailing wage statute is preempted by ERISA, no claim is available under Kentucky law for wrongful conduct related to an employee benefit plan; rather, ERISA applies. Likewise, if state law is *not* preempted, then, by definition, the state law claim must be unrelated to employee benefit plans and thus does not overlap the ERISA claim.

The parties agree that Kentucky's prevailing wage statute is *not* preempted by ERISA, thereby conceding that two separate, non-overlapping laws are in effect and are enforceable. [*See, e.g.,* Dkt. No. 21 at 6-7 (string citation of circuit court rulings that ERISA does not preempt state prevailing wage laws); Dkt. No. 24 at 4 ("Plaintiffs agree with Defendant that their state law claims are not pre-empted be ERISA.").] Since that is the case, Plaintiffs are entitled to pursue a state law claim based on a violation of the Kentucky prevailing wage statute (as they allege in Count III) and a claim based on a

6

violation of ERISA; those claims are independent of one another. We next address, therefore, whether Count I of Plaintiffs' Amended Complaint asserts a claim for violation of ERISA or a claim for violation of Kentucky's prevailing wage statute under the guise of an ERISA claim.

As pled, Count I requires an interpretation and application of Kentucky's prevailing wage statute (which claim is repeated in Count III, and is also subject to dismissal). Arguing that the Trust's ERISA-based fiduciary duties include a duty to comply with Kentucky law, Plaintiffs defend their claim, as follows:

> Since Gaylor, Inc. paid a specified hourly amount to the Gaylor Trust to satisfy Gaylor, Inc.'s obligations under Kentucky law, the Gaylor Trust's fiduciary duties to Plaintiffs included compliance with Kentucky law in its use of contributions made on behalf of each Plaintiff to provide fringe benefits for that Plaintiff.

[Dkt. No. 24 at 5.] Plaintiffs provide no authority, and we are aware of none, to support their contention that by violating the Kentucky prevailing wage statute, the Trust *ipso facto* violated ERISA.[2] We reject Plaintiffs' attempt to secure ERISA relief through the back door by alleging a state-law claim that is couched in terms of ERISA's fiduciary duty requirements. To hold otherwise would defeat the purpose of ERISA to establish uniform standards and obligations for fiduciaries of ERISA plans in that it would permit

---

[2] Plaintiffs' reliance on *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579 (C.D. Cal. 2010) is misplaced. [*See* Dkt. No. 24 at 6.] In that case, the plaintiffs filed separate ERISA claims for breach of fiduciary duties relevant to the three ERISA plans on the grounds that their employer failed to make sufficient contributions to the plans, misstated the amount of contributions owed, and kept plan assets to themselves. *Gomez*, 270 F.R.D. at 583-84. The plaintiffs also filed state-law prevailing wage claims which, as best as we can tell from the opinion, were separate claims unrelated to ERISA or any fiduciary duty. Thus, *Gomez* is clearly inapposite.

7

the incorporation of each state's laws into ERISA-defined duties. To assert a claim that the Trust violated ERISA, Plaintiffs must cast it as a violation of ERISA; Count I of the Amended Complaint does not state such a claim.

Because Plaintiffs have failed to state a claim upon which relief can be granted, we GRANT the Trust's Motion to Dismiss Count I of Plaintiffs' Amended Complaint.

**2.   Count II**

Count II of Plaintiffs' Amended Complaint advances their claim that the Trust allegedly violated ERISA (29 U.S.C. § 1132(c)) by failing to provide them with requested information about fringe benefit contributions.[3] The Trust moves to dismiss this claim based on the applicable statute of limitations.

If a plaintiff alleges facts sufficient to establish a statute of limitations defense, effectively pleading herself out of court, a federal complaint can be dismissed under Rule 12(b)(6). *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (although the expiration of the statute of limitations is an affirmative defense, "[d]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.") (internal citations omitted).

---

[3] We note that in their Amended Complaint Plaintiffs allege their requests for information were made to *Gaylor* (their employer) and not the Trust. [Am. Compl. ¶¶ 36-37.] Gaylor is not a defendant in this case. In their Response Brief, Plaintiffs attempt to establish an agency relationship between Gaylor and the Trust; however, they did not allege such in the Amended Complaint. [*See* Dkt. No. 24 at 7 ("As demonstrated by the affidavits . . . their efforts to obtain the information were thwarted by Gaylor, Inc. and thus by the Trust, by the refusal to respond to these requests.")] This agency relationship theory will be tested in future briefing, we assume.

8

The Trust seeks to dismiss Count II on statute of limitations grounds because "Plaintiffs' First Amended Complaint alleges that their requests for information were made in January 2011." [Dkt. No. 21 at 9 (citing Am. Compl. ¶¶ 36-37).] The Trust's characterization of Plaintiffs' allegations, however, is inaccurate. Plaintiffs actually alleged:

> 36. Some Plaintiffs attempted to ask Gaylor about the fringe benefits issues to which they had become altered [sic] after January, 2011. Management personnel at the jobsite were asked, but were unable to obtain answered [sic] to these inquiries. One Plaintiff called the Gaylor home offices, but was not permitted to speak with anyone there about the fringe benefit issues.
>
> 37. This information was available to Gaylor from the Gaylor Trust, but was intentionally concealed from Plaintiffs, thereby preventing them from learning that the required fringe benefit contributions had not been fully used for their respective benefits.

Plaintiffs contend that they were alerted to the "fringe benefit issues" sometime *after* January, 2011. They did not allege, as the Trust maintains, that their requests for information were made *in* January 2011. As oft-repeated, a motion to dismiss requires that we accept as true all factual allegations in the complaint and draw all reasonable inferences in the non-movant's favor. Thus, we conclude that Plaintiffs have not pled that their requests were made in January 2011 and therefore have not pleaded themselves out of court. Discovery may prove otherwise, but for now this claim survives.

Accordingly, we DENY the Trust's Motion to Dismiss Count II.[4]

---

[4] Plaintiffs submit three affidavits allegedly evincing "their efforts to obtain the information [that] were thwarted by Gaylor, Inc. and thus by the Trust, by the refusal to respond to these requests." [Dkt. No. 24 at 7.] The Trust's submission of and reliance on evidence beyond the

**3.     Count III**

Plaintiffs allege in Count III of their Amended Complaint that the Trust violated Kentucky's prevailing wage statute by "fail[ing] to expend the full fringe benefit of contributions it received from Gaylor to provide qualified fringe benefits to Plaintiffs." [Am. Compl. ¶ 46; *id.* ¶ 47 (alleging that the Trust's "actions were intentional, willful and in reckless disregard of Plaintiffs' rights as protected by KRS § 337.505 *et seq.*").] The Trust seeks dismissal of this claim on the ground that it is not subject to the prevailing wage statute.[5]

In general, prevailing wage laws apply to contractors and subcontractors of public works projects requiring them to pay laborers and mechanics the prevailing wage in the locality where the project is to be performed. These types of laws require contractors engaged in public construction to pay at least the same wage rates they would be expected to pay if engaged in nonpublic construction in the same community. 64 Am. Jur. 2d *Public Works and Contracts* § 213.

As a preliminary matter, we note that the sole defendant in this case is the Trust; not Plaintiffs' employer, Gaylor, Inc. In their Amended Complaint Plaintiffs allege that,

---

allegations of the Amended Complaint beyond the proper scope of a response to a motion to dismiss. *See Rosenblum*, 299 F.3d at 661.

[5] The Trust also argues that we lack subject matter jurisdiction over Count III because, had we granted its motion with respect to Counts I and II, there would be no federal claims upon which to base supplemental jurisdiction. Because we denied the Trust's motion to dismiss Count II and we dismiss Count III on other grounds, we need not discuss whether we should decline supplemental jurisdiction in these circumstances.

"[a]s that term is defined by KRS 337.010(1)(e),[6] Plaintiffs were at all times relevant to this action 'employees' of Gaylor" and also allege that Gaylor is a "contractor" as defined by Kentucky's prevailing wage law, meaning that it is "in charge of the employment or payment of the employees . . . who are employed in performing the work to be done . . . under the particular contract with any public authority." [Am. Compl. ¶¶ 14-15; KRS § 337.010(3)(b) (2010).] The Trust is not identified as an employer or contractor under Kentucky's prevailing wage statute and is not alleged to have been the Plaintiffs' employer.

Kentucky's since-repealed prevailing wage statute on its face applied to *employers*. Plaintiffs specifically point to KRS § 337.505 in their Count II which defined "prevailing wage" in relevant part as:

> (2) An additional amount per hour equal to the hourly rate of contribution irrevocably made or to be made *by an employer on behalf of employees* within each classification of construction to a trustee or to a third person pursuant to an enforceable commitment to carry out a financially responsible plan or program, which was communicated in writing to the employees affected, for the following fringe benefits . . . but only *where the employer* is not required by other federal, state or local law to provide any of such benefits: provided, said additional amount may, *at the discretion of the employer*, be paid either in cash to the employee or by contributions for fringe benefits, or partly in cash and partly by such contributions, it being the intention of this subsection to recognize fringe benefits as a part of the prevailing wage rate where made in accordance with this subsection.

---

[6] Kentucky's prevailing wage statute defined "employee" as "any person employed by or suffered or permitted to work for an employer." KRS § 337.010(1)(e). That same statute defined "employer" as "any person, either individual, corporation . . . who employs an employee and includes any person . . .acting directly or indirectly in the interest of an employer in relation of an employee." *Id.* § 337.010(1)(d). Plaintiffs do not allege that the Trust is an employer under this definition or that they are employees of the Trust.

11

Ky. Rev. Stat. Ann. § 337.505 (emphasis added). The plain language of Kentucky's prevailing wage statute therefore applies to *employers*, not the trust in which fringe benefit contributions are placed. This makes sense under the circumstances of this case, where it was the *employer* making contributions for fringe benefits, not the Trust.

Plaintiffs did not respond to the Trust's request for dismissal on this basis. Accordingly, we GRANT the Trust's Motion to Dismiss Count III of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, we GRANT WITHOUT PREJUDICE Defendant's Motion to Dismiss Counts I and III of the Amended Complaint, and DENY Defendant's Motion to Dismiss Count II of the Amended Complaint.

Date: 4/20/2017

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David T. Andrews
ANDREWS LAW LLC
dandrews@davidandrewslaw.com

H. Edwin Bornstein
BORNSTEIN & BORNSTEIN PSC
heblaw@aol.com